IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Justin Archie, #92986, ) | Civil Action No. 8:08-2381-HFF-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED** |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Investigator McDaniels, Richland ) | |
| County Sheriff Department; Detention ) | |
| Officer Smith, Alvin S. Glen Detention ) | |
| Center; Sheriff, Richland County Sheriff ) | |
| Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment. [Doc. 26.] The plaintiff alleges that the defendant unconstitutionally assaulted him, in violation of his 8th and 14th Amendment rights.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## DISCUSSION

The defendants contend that the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id*. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id*.

The exhaustion of administrative remedies is also required of pretrial detainees, such as the plaintiff here was, at all times relevant to his claims. *Bunch v. Nash*, 2009 WL 329884, at *4, n.2 (D.S.C. February 10, 2009); *Tate v. Anderson*, 2007 WL 28982, at *4 (D.S.C. January 3, 2007); *United States v. Al-Marri*, 239 F. Supp .2d 366, 367-68

(S.D.N.Y.2002) (holding pretrial detainee required to exhaust administrative remedies under PLRA before filing suit); *see also Palay v. United States,* 349 F.3d 418, 425 (7th Cir. 2003) (applying exhaustion requirement to pretrial detainees).

The defendants have submitted evidence that the plaintiff did not file a grievance concerning any factual allegations predicate to the claims now a part of his Complaint. (Harrell Aff. ¶ 12, Ex. A.)

In the plaintiff's 16 page response to the defendants' evidence and argument, the plaintiff includes only one sentence regarding exhaustion on the second to last page. He summarily contends that he filed a grievance but that the defendants never responded. This position is consistent with the representations in his Complaint, in which he claims that he filed a grievance on November 1, 2007, but indicated "N/A" in response to whether a final determination had been made concerning the grievance. (Compl. at 2.)

But, the plaintiff has not produced any evidence that he actually filed a grievance. He has not submitted a copy of any written grievance form nor has he produced evidence of any steps he believes he took to follow-up on the status of his alleged grievance. He has not even expressly averred that he filed the required forms. For all the Court has been made aware, he may simply mean that he verbally complained of the incident. In fact, in his Complaint, in response to an interrogatory which asks whether the inmate complained in the *absence* of a grievance procedure, he indicates that he did. Certainly, the plaintiff has freely admitted to having filed the Complaint without a final determination from the defendants, a prerequisite which is strictly enforced.  *See*

*Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005); *Cabbagestalk v. Ozmint*, 2007 WL 2822927 (D.S.C. 2007). Ultimately, there is no evidence of an actual grievance filed, as required. The Court has reviewed the plaintiff's entire inmate file as submitted by the defendants and has not observed any grievance, resolved or otherwise. The defendants' evidence that the plaintiff has never exhausted his remedies is completely unrebutted.

Accordingly, the Court recommends dismissal for failure to exhaust administrative remedies.

## CONCLUSION

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 26] should be GRANTED and the plaintiff's claims dismissed *without prejudice*.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

April 30, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).